```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ALABAMA
                     NORTHEASTERN DIVISION
APRIL LANE,                         }
                                    }
     Plaintiff,                     }
                                    }     CIVIL ACTION NO.
v.                                  }
                                    }     5:13-cv-062-WMA
CAROLYN W. COLVIN, Acting           }
Commissioner of Social              }
Security,                           }
                                    }
     Defendant.                     }
```

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the court is the motion of plaintiff's attorney for the award of attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. 14). In 2009, plaintiff entered into a contingency fee agreement with her attorney. They agreed that plaintiff would only owe a fee to the attorney if she was awarded past-due benefits. In the event plaintiff obtained such an award from the federal district court, the attorney would receive 25% of all past-due benefits awarded. (Doc. 14-1). On October 14, 2014, this court reversed the Commissioner's denial of benefits and remanded the action for the sole purpose of awarding benefits. (Doc. 13). Over a year later, plaintiff was awarded past-due benefits in the amount of $80,089. (Doc. 14-2).

Fee awards in social security cases are governed by 42 U.S.C. § 406(b). That statute provides that a court may allow a fee of up to 25% of a plaintiff's past-due benefits when the plaintiff obtains a favorable judgment from the court. The Supreme Court has

1

held that the district court, before approving the requested fee, must "tes[t] it for reasonableness," acting "as an independent check" to ensure that the awarded fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The Court made clear that the statute does not favor lodestar fee agreements over contingency fee agreements, though "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Id.* at 807-08.

Plaintiff's attorney informed the court that she spent 21.3 hours representing plaintiff before this court, exclusive of representation before the ALJ and Appeals Council. (Doc. 14-2). She seeks a fee award of $20,022.25, which is precisely 25% of the past-due benefits awarded to plaintiff. (*Id.*). The Commissioner objects to the attorney's request, arguing that the amount sought is not reasonable.

The court finds the requested amount to be reasonable and will grant the request for attorney's fees. While an effective hourly rate of $940 is high, the court finds that it is reasonable because (1) the nature of contingency fee arrangements often produces high fee awards in some cases to balance out the lack of a collected fee in others; and (2) plaintiff's attorney likely spent significant time representing plaintiff before the ALJ and Appeals Council, and the court will take that time into account. Accordingly, the motion of plaintiff's attorney for attorney's fees (Doc. 14) is GRANTED.

Plaintiff's attorney is awarded a fee of $20,022.25, and the Commissioner is ORDERED to release that amount to plaintiff's attorney.

DONE this 15th day of March, 2016.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE